UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL 04-10-KKC
CIVIL NO. 06-254-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF


VS:                          RECOMMENDED DISPOSITION OF
                                    §2255 MOTION


GREG BOGGS                                                  DEFENDANT

* * * * * * * * * *

## I.      Context of Motion

This matter is before the Court upon Defendant Greg Boggs's "Motion to Vacate, Set Aside, or Correct Sentence" pursuant to 28 U.S.C. § 2255. *See* DE#121.  Boggs proceeds pro se.   The District Court, which sentenced Defendant, referred the motion to the undersigned.  Having fully considered the record, including said motion, the response of the United States, and Defendant's reply, the Court issues this recommended disposition.  *See* DE#s 121, 126, and 135.

## II.     Factual History

Drawing heavily on the underlying Plea Agreement, the Court provides the following factual history.

On August 3, 2003, the London Police Department responded to a complaint of a strong odor of ether near 200 Overbay Lane in London.  Upon arrival, the officers detected the strong odor and observed a white male running toward the rear of the mobile home residence.  The officers announced their identity as  London Police and began to pursue the fleeing subject on foot.  The officers subdued the subject on the porch to the back door of the residence and discovered that he

-1-

was armed with a pistol inside his front pants pocket.  The subject was movant's Co-Defendant Michael John Campbell.  *See* DE #82, Plea Agreement ¶ 3.

Subsequently, a second person, Co-Defendant Steven Jody Rickards, exited from the back of the trailer while officers handcuffed Campbell.  The officers asked both subjects whether anyone else was inside the trailer.  Both replied that Defendant Greg Boggs was in the back bedroom.  When the officers called into the trailer, they did not receive a response.  Due to the heavy chemical odor, police called for an emergency response team and waited to enter until a team arrived and provided the officers with protective masks.  *See id.*

Upon entry, officers found Defendant Boggs inside the back bedroom with a working methamphetamine lab and several firearms within reach.  Authorities advised Defendant of his *Miranda* rights, and Defendant subsequently admitted to manufacturing methamphetamine for the past five to six months with others, including Jody Rickards.  Although officials recovered only 4.8 grams of finished methamphetamine, DEA chemists estimated that the most abundant precursor on the scene could have yielded 110.6 grams of methamphetamine.  *See id.*

On February 26, 2004, the Grand Jury returned a thirteen count indictment against Defendant Greg Boggs and Co-Defendants Steven Jody Rickards and Michael John Campbell.  *See* DE #1.  The indictment named Defendant in Counts 1, 6, 7, 8, 9, 10, 11, and 13.  At his arraignment on March 23, 2004, Defendant received a written copy of the indictment and initially pled not guilty to the charges.  *See* DE #21.  Following the denial of Defendant's motion to suppress evidence, Defendant entered into a plea agreement.

Defendant expressly admitted to the facts summarized above and agreed to enter a guilty plea to Counts 1, 8, and 13 of the indictment.  *See* Plea Agreement ¶¶ 1, 3.  Count 1 states:

> On or about March 1, 2003, and continuing through on or about August 4, 2003, in Laurel County, in the Eastern District of Kentucky and elsewhere, Steven Jody Rickards, Greg Boggs, and Michael John Campbell did conspire to knowingly and intentionally manufacture fifty grams or more of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Count 8 provides:

> On or about August 4, 2003, in Laurel County, in the Eastern District of Kentucky, Steven Jody Rickards, Greg Boggs, and Michael John Campbell, aided and abetted by each other, did attempt to knowingly and intentionally manufacture fifty grams or more of methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

Count 13 states:

> On or about August 4, 2003, in Laurel County, in the Eastern District of Kentucky, Steven Jody Rickards and Greg Boggs, aided and abetted by each other, in furtherance of the drug trafficking crimes set out in Counts 8, 9, 10, and 11 of this Indictment, for which they may be prosecuted in a Court of the United States, did knowingly possess firearms, that is, a Smith and Wesson .38 caliber revolver, and an Encom America MP9 9 millimeter pistol, all in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2.

The plea agreement expressly described the "essential elements" the government must prove relevant to each count. *See* Plea Agreement ¶ 2. Defendant agreed the United States could prove the essential elements of Counts 1, 8, and 13 beyond a reasonable doubt, based on the explicit facts Defendant admitted in the plea agreement. *See id.* ¶ 3.

In addition, Defendant agreed to have his sentence determined pursuant to the Sentencing Guidelines and to waive any constitutional challenge to the validity of the Guidelines. The plea agreement stated that Defendant was familiar with the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and agreed to waive any challenge or claim

notwithstanding those decisions. *See id.* ¶ 8. Finally, Defendant also waived the right to appeal or collaterally attack his guilty plea, conviction, or any sentence that did not exceed 181 months of imprisonment. *See id.* ¶ 9.

Pursuant to the plea agreement, Defendant pled guilty to Counts 1, 8, and 13 on July 21, 2004. *See* Rearraignment at 24. Prior to the plea, the District Court established that Defendant had received a written indictment and had reviewed the charges against him. *See id.* at 8. Furthermore, Defendant acknowledged that he had discussed the nature of the charges with counsel and was pleased with the advice provided by his attorney. *See id.* at 8-9.

The Court then asked the Assistant United States Attorney (AUSA) to summarize the charges against Defendant. *See id.* at 9. The AUSA responded by restating Counts 1, 8, and 13. *See id.* at 10. Defendant affirmed that the information in the counts accurately reflected his conduct. *See id.* at 10-11.

At that time, the Court directed its attention to the plea agreement. Defendant stated that he understood the terms and conditions of the agreement and that he had fully reviewed the agreement with counsel. *See id.* at 12. The Court specifically asked whether Defendant had carefully reviewed with counsel paragraph three of the plea agreement, in which Defendant admits that the government could prove beyond a reasonable doubt the facts described above. *See id.* at 13. Defendant affirmed that he had reviewed paragraph three with his attorney and again admitted the government could prove those facts because they were "true" and accurate. *See id.* at 14.

The Court then addressed possible penalties. With respect to Counts 1 and 8, the Court informed Defendant of the maximum and minimum penalty range, *i.e.*, that the maximum was "life" and the minimum "not less than 10 years." *See id.* at 15. As to Count 13, the Court informed

-4-

Defendant that the minimum penalty was five years consecutive to any other punishment. *See id*. The Court further explained the nonbinding nature of the Sentencing Guidelines. *See id*. at 16-19.

Lastly, the Court addressed Defendant's waiver of any right to appeal or collaterally attack a guilty plea, conviction, or sentence, as provided in paragraph eight of the plea agreement. *See id*. at 19-20. Defendant affirmed that he had reviewed paragraph eight with counsel and that he understood its terms and conditions. *See id.*

Before accepting the plea, the Court informed Defendant of his right to persist in a plea of not guilty and that the United States would have the burden to prove Defendant guilty beyond a reasonable doubt throughout the entire trial. *See id.* at 23. Defendant stated he did not want a trial and proceeded to plead guilty to Counts 1, 8, and 13 of the indictment. *See id*. at 23-24.

At the sentencing hearing on February 2, 2005, the Court sentenced Defendant to 144 months on each of Counts 1 and 8, to be served concurrently, and 60 months on Count 13, to be served consecutively to Counts 1 and 8, for a total term of 204 months. *See* Sentencing Hearing at 14-15. At the hearing, neither Defendant nor his counsel made any further objections. *See id.* at 11.

Defendant did directly appeal his conviction and sentence to the Sixth Circuit. Defendant's attorney, James Hibbard, discerned no substantial argument on appeal and filed an *Anders* brief. *See* Gov't Exhibit 2, Affidavit ¶ 9. On appeal, the Sixth Circuit validated Defendant's guilty plea after finding the District Court's procedures in compliance with Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Boggs*, No. 05-5285, at 2 (6th Cir. Dec. 5, 2005). The Sixth Circuit specifically noted that the District Court adequately explained the charges, penalties, and constitutional rights belonging to Defendant. *See id*. The Court of Appeals further found there was no error in accepting the guilty plea since the government summarized the counts in the indictment

-5-

and Defendant acknowledged that the factual basis set forth in the plea agreement was correct. *See id*. Lastly, the Court of Appeals upheld the sentence, under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), finding that the District Court did not treat the Guidelines as mandatory or enhance defendant's sentence based on facts not admitted by him. *See United States v. Boggs*, No. 05-5285, at 2-3.

## III.   Issues Presented

Defendant Boggs raises several issues, coalesced as follows:

1) Whether the waiver of Defendant's right to appeal or collaterally attack his guilty plea, conviction, or sentence is invalid under the terms of the plea agreement or because the waiver was not knowingly or voluntarily entered into by Defendant.

2) Whether Defendant's direct appeal bars his current claims under Rule 11 of the Federal Rules of Criminal Procedure.

3) Whether Defendant's guilty plea to Counts 1, 8, and 13 was not knowingly or voluntarily entered into because the District Court failed to inform Boggs of the "true nature of the offense," "the true statutory maximum penalty" for the offense, or the constitutional rights Defendant was waiving by pleading guilty, as required by Rule 11(b)(1)(A)-(H) of the Federal Rules of Criminal Procedure.

4) Whether there was a sufficient factual basis to support Defendant's guilty plea to Counts 1, 8, and 13.

5) Whether the District Court lacked jurisdiction to convict Defendant because Defendant is not of the "class of persons" set forth in 21 U.S.C. § 841 and/or because 21 U.S.C. § 841 and 18 U.S.C. § 3231 were not properly passed into law.

6) Whether Defendant's guilty plea to Counts 1, 8, and 13 was not knowingly or voluntarily entered into because of ineffective assistance of counsel with respect to counsel informing defendant of the nature of the charges, the maximum penalty, the constitutional rights being waived by a guilty plea, and/or with respect to failure to raise the insufficient factual basis or jurisdictional issues to the District Court; and

7) Whether Defendant was denied his Sixth Amendment right to effective assistance of counsel on direct appeal because Defendant's attorney failed to raise meritorious issues before the Sixth Circuit.

## IV.    Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may seek relief because a sentence was imposed in violation of the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law.  *See* 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that the error had a "substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 1721-22, 123 L.Ed.2d 353 (1993)).  To prevail on a motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

## V.    Analysis of Issues

### A.    *Threshold Procedural Issues*

### 1) *Statutory Jurisdiction*

Defendant's "Motion to Vacate, Set Aside, or Correct Sentence," pursuant to 28 U.S.C. § 2255, is properly before the Court.  "A prisoner in custody ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." *See* 28 U.S.C. § 2255.  Defendant correctly filed this motion in the Court that imposed the federal sentence now challenged, and Defendant is presently in custody at F.C.I. Ashland, Kentucky.

2) *Successiveness under the AEDPA*

The "Antiterrorism and Effective Death Penalty Act of 1996" (AEDPA) imposes additional certification requirements where a petitioner's § 2255 habeas corpus motion is successive. *See* 28 U.S.C. § 2255. Defendant indicates, and the record reflects, that Defendant has not filed a previous § 2255 motion. As such, the AEDPA requirements for successive motions do not apply.

3) *One-Year Statutory Period of Limitations under the AEDPA*

The AEDPA further provides that § 2255 motions are subject to a one-year period of limitations. *See* 28 U.S.C. § 2255. The limitations period generally runs from the "date on which the judgment of conviction becomes final." *See id*. The District Court entered judgment against Defendant on February 11, 2005. *See* DE#91. Defendant timely appealed to the Sixth Circuit, and that Court affirmed Defendant's conviction and sentence on December 5, 2005. *See* DE #116. On March 3, 2006, Defendant petitioned the Supreme Court for a writ of certiorari. *See* DE#119. But, the Supreme Court denied that application on April 20, 2006. *See* DE#120. At that point, Defendant's judgment became final. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000)(defining the one year statutory period of limitations under the AEDPA for § 2254 motions); *see also United States v. Marcello*, 212 F.3d 1005, 1008-10 (7th Cir. 2000). Defendant's § 2255 motion, filed on June 9, 2006, is within the AEDPA one-year period of limitations and is timely.

B.    *Substantive Issues*

1) *The validity/effectiveness of Defendant's waiver*

The United States first argues that Defendant Boggs validly waived the right to appeal or collaterally attack his guilty plea, conviction, or sentence under the plea agreement. *See* Plea

Agreement ¶ 9.  Defendant counters by arguing that the waiver was not knowingly or voluntarily entered into and that the waiver is inapplicable under the terms of the plea agreement.

This Circuit has established that a defendant in a criminal case may waive any right via a plea agreement, including constitutional rights.  *See United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001).  The Sixth Circuit specifically has held that a defendant may waive, in a plea agreement, the right to collaterally attack a sentence under 28 U.S.C. § 2255 if the waiver is informed and voluntary.  *See Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).  This waiver potentially extends to ineffective assistance of counsel claims.  *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).[1]  As such, the claims raised by Defendant may be waived under the plea agreement to the extent his waiver is informed and voluntary.

The record reflects that the waiver was informed and voluntary in this case.  At the rearraignment, Defendant affirmed that he had reviewed the plea agreement with counsel and understood its terms and conditions.  *See* Rearraignment at 12.  The District Court specifically addressed the  waiver provision under the plea agreement.  *See id*. at 20.  In response to direct questioning by the Court, Defendant indicated he was willing to waive the right to appeal or collaterally attack his guilty plea, conviction, or sentence and that he understood the meaning and consequences of his waiver.  Under these circumstances, the waiver is valid.  *See Davila,* 258 F.3d at 451-52; s*ee also Watson*, 165 F.3d at 489 (finding a defendant knowingly, intelligently, and voluntarily waived the right to collaterally attack his plea under similar facts).

_____

[1]

Defendant contends *Davila* is inapplicable because, in that case, the defendant who waived the right to raise ineffective assistance of counsel claims on collateral attack was an attorney.  While the Sixth Circuit did note that the defendant in *Davila* was a former attorney himself, that factor was not essential to the Court's holding.  *See Davila*, 258 F.3d at 451-52.

Defendant also argues, however, that since he received a sentence with a total term of 204 months, the waiver is inapplicable. Defendant points out that, under the agreement, "Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and any sentence, ... *that does not exceed 181 months of imprisonment*." *See* Plea Agreement ¶ 9 (emphasis added). The United States does not address Defendant's argument, except perhaps to imply that Defendant received two separate sentences of 144 months and 60 months that are individually under the 181 month threshold.

Evidence in the record, however, does not support the government's implication. First, defense counsel at the sentencing hearing indicated that both sides originally anticipated a sentence not to exceed 121 months for Counts 1 and 8 because the "ability to appeal is ... keyed to that figure." *See* Sentencing Hearing at 11. Defense counsel was unmistakably referring to the fact that a maximum 121 month sentence on Counts 1 and 8 and a 60 month sentence on Count 13 would fall exactly within the 181 month provision. This suggests the 181 month provision, and thus the waiver, was intended to apply to the total sentence.

Secondly, Defendant appealed his conviction and sentence to the Sixth Circuit despite the waiver in the plea agreement. *See United States v. Boggs*, No. 05-5285, at 1-3. The Court of Appeals did not address the issue of waiver in its opinion, but rather proceeded to review Defendant's case on the merits. The Sixth Circuit's willingness to review Defendant's case also suggests that the waiver provision does not apply because of the total sentence imposed.

Ambiguities in a plea agreement must be construed against the government. *See United States v. Johnson*, 979 F.2d 396, 399 (6th Cir. 1992). Plea agreements are contractual in nature, but they also involve a defendant's constitutional concerns not implicated by ordinary commercial

-10-

contracts.  In light of the evidence supporting Defendant's interpretation, the agreement ambiguity, and a construction against the United States, this Court determines that the waiver is valid but does not apply.

2) *The effect of the direct appeal*

The Defendant appealed his plea and sentence to the Sixth Circuit.  *See United States v. Boggs*, No. 05-5285, at 1-3.  The United States correctly points out that Defendant may not use a § 2255 motion to "relitigate an issue raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."  *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).  The United States further argues that Defendant fails to establish "highly exceptional circumstances" to justify re-presenting claims on collateral attack.

Defendant, on the other hand, seems to concede that the Sixth Circuit evaluated alleged Rule 11 violations on direct appeal, but argues that "highly exceptional circumstances" exist because: 1) the Court of Appeals failed to consider relevant case law;[2] 2) contrary to representations in the plea agreement, Defendant was not familiar with the case law cited in paragraph eight of the agreement respecting his decision to waive any challenge to the sentencing process; and 3) Defendant's *Anders* brief failed to raise the Rule 11 claims effectively.  Moreover, Defendant argues that the jurisdictional and ineffective assistance of counsel claims were not presented on direct appeal.  Thus, Defendant believes all his claims are properly before the Court under § 2255.

Defendant's arguments, at least concerning the Rule 11 claims, are unpersuasive.  First, Defendant suggests that the Sixth Circuit ignored the decisions in *Apprendi* and *Blakely*, presumably

_____

[2]

Defendant primarily refers to the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

-11-

because the Sixth Circuit did not cite to those cases in the opinion.  In this regard, Defendant is mistaken.  The Sixth Circuit's opinion expressly reflected the most recent Supreme Court decision relevant to the issues, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  *See United States v. Boggs*, No. 05-5285, at 2-3.  *Booker* followed *Apprendi* and *Blakely*.  Moreover, *Booker* reaffirmed and extended the holdings of those cases.  The Sixth Circuit found that Defendant's sentence complied with *Booker* because the District Court did not treat the Sentencing Guidelines as mandatory or use facts not admitted by Defendant to enhance the sentence.  *See id*.  Defendant cannot argue that the Sixth Circuit failed to consider relevant case law when its opinion plainly relied on and applied *Booker* to evaluate Defendant's sentence.

Secondly, Defendant seems to believe that the Sixth Circuit neglected the decisions in *Apprendi* and *Blakely* because of the waiver in paragraph eight of Defendant's plea agreement.  Defendant further suggests that his unfamiliarity with those cases made the waiver uninformed and thus invalid.  As a result, Defendant concludes that these allegations justify reconsideration of his already-litigated claims.

Defendant is again mistaken.  His alleged unfamiliarity with the Supreme Court decisions in *Apprendi* and *Blakely* had no impact on the direct appeal.  As previously explained, the Sixth Circuit did not neglect relevant case law, but found Defendant's sentence reasonable in light of *Booker*.  *See id*.  By evaluating Defendant's sentence under the rubric of *Booker*, it is clear that the Sixth Circuit did not limit its review because of the plea agreement waiver.

Lastly, Defendant argues that relitigation is appropriate because the *Anders* brief filed by counsel on direct appeal did not effectively raise the claims.  Defendant fails to supply any authority,

-12-

however, to suggest that an *Anders* brief qualifies as a "highly exceptional circumstance."[3]  In its decision, the Sixth Circuit squarely addressed and rejected the same Rule 11 issues raised in this § 2255 motion.  In finding that the District Court complied with Rule 11, the Court of Appeals specifically observed that the District Court properly explained to Defendant the charges against him, the possible penalties, and Defendant's constitutional rights.  *See id.* at 2.  The Court of Appeals also noted that Defendant acknowledged the accuracy of the factual basis set forth in the plea agreement.  *See id.*  It would undermine the rule in *Jones* to permit relitigation of Defendant's claims where a direct appeal clearly addressed and rejected such claims.  *See Jones*, 178 F.3d at 796.

The Sixth Circuit expressly validated the plea, the District Court's compliance with Rule 11, the District Court's compliance with *Booker*, and the ultimate sentence imposed.  *See United States v. Boggs*, No. 05-5285, at 2-3.  Defendant having presented no basis to avoid the preclusive effect of that prior ruling, this Court cannot reevaluate such issues.

As will be clear in the subsequent discussions, even if the Court considered Defendant's arguments, the arguments would fail.  The Court does reach the jurisdictional and ineffective assistance of counsel claims, also discussed below.

### 3) *The District Court's compliance with Rule 11*

Defendant argues that his guilty plea to Counts 1, 8, and 13 was not knowingly or voluntarily entered into because the District Court failed to inform him of the "true nature of the offense," "the true statutory maximum penalty for the offense," or Defendant's constitutional rights as required under Rule 11.  With respect to Counts 1 and 8, Defendant specifically claims that the District Court

---

[3]

Rather, counsel is not expected to present frivolous claims on appeal.  *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

failed to explain to him that *drug type* and *drug quantity* were "essential elements" of the charged offense that the government must prove beyond a reasonable doubt. Defendant alleges that he would have proceeded to trial had he comprehended the full extent of the government's burden.

Rule 11(b)(1)(G) directs a court to determine that a defendant understands the nature of the charges against him before accepting a guilty plea. A guilty plea is invalid if the defendant is not aware of the nature of the charges against him, including the elements of the offense. *See Bradshaw v. Stumpf*, 545 U.S. 175, 182, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005); *United States v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992). At a minimum, the defendant must understand the essential elements of the offenses to which he pleads guilty. *See Bousley v. United States*, 523 U.S. 614, 618-19, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

Where the case involves a **simple** offense, however, a district court need only read or summarize the charges in the indictment and invite the defendant to ask questions in order to comply with Rule 11(b)(1)(G). *See Syal*, 963 F.2d at 904-05 (citing *United States v. Van Buren*, 804 F.2d 888, 892 (6th Cir. 1986)). Further explanation of the charges may be required if the case is more complex. *Syal*, 963 F.2d at 905 (citing *Van Buren*, 804 F.2d at 891). There is no authority to suggest that common drug offenses become complex simply because the amount of drugs is an offense element. *See United States v. Valdez*, 362 F.3d 903, 910 (6th Cir. 2004). Moreover, there is a presumption that the defendant is informed of the nature of the charges against him where the defendant is provided with a written copy of the indictment. *See Bousley*, 523 U.S. at 618, 118 S.Ct. 1604.

To the extent that Counts 1 and 8 reflect simple drug offenses, the procedural steps taken by the District Court in Defendant's case satisfy Rule 11. In this case, the drug type and amount

-14-

specifically appeared in the indictment, the indictment was read to the Defendant at the rearraignment, and Defendant acknowledged that he understood the charges against him and that those charges were accurate. *See* Rearraignment at 9-11.   In this Circuit, for this type of crime, the Rule 11 threshold is "a sufficient summary" of the charges.   Plainly, the District Court's handling here was proper. *See Valdez*, 362 F.3d at 910; *see also United States v. Leachman*, 309 F.3d 377, 384-86 (6th Cir. 2002) (rejecting request to vacate guilty plea to §§ 841 and 846 because the amount of drugs was reflected in the indictment, defendant implicitly agreed to the amount of drugs during the plea colloquy, and defendant waived his right to have the drug amount proven to a jury beyond a reasonable doubt); *United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990) (finding guilty plea to §§ 841 and 846 did not violate Rule 11 where the court read the counts in the indictment and defendant confirmed he understood the charges against him).

The Defendant also admitted in the plea agreement, and reaffirmed at the rearraignment, that the government could prove the drug type and quantity beyond a reasonable doubt. *See* Plea Agreement ¶ 3; Rearraignment at 13-14. Additionally, the plea agreement specifically identified and described the "essential elements" of the offenses, and the facts supporting those essential elements. *See* Plea Agreement ¶ 2-3 and *United States v. Baez*, 87 F.3d 805, 810 (6th Cir. 1996) (finding a guilty plea to §§ 841 and 846 did not violate Rule 11 because the plea agreement had a written description of the essential facts supporting the charges and defendant acknowledged the accuracy of those charges).[4] Defendant further acknowledged that he had reviewed the plea agreement with

---

[4]

Although the defendant in *Baez* challenged the factual basis supporting his plea under Rule 11, the Rule 11 requirements that a "defendant understand the essential elements of the crime is integrally related to ... [the] requirement that the district court determine that the plea has a factual basis." *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004).

counsel and understood its contents. *See* Rearraignment at 12. Moreover, Defendant received a written copy of the indictment at his arraignment on March 23, 2004 and thus is presumed to have been apprised of the nature of the charges against him. *See* Rearraignment at 7-8. Under these circumstances, and without question, the Court fairly informed Defendant of the nature of the charges against him for Counts 1 and 8 in accordance with Rule 11(b)(1)(G). In this regard, Defendant has not demonstrated any error resulting in either a "complete miscarriage of justice" or a "substantial and injurious effect or influence on the proceedings." *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

With respect to Count 13, the § 924(c) charge, Defendant likewise argues that the District Court violated Rule 11(b)(1)(G) by failing to explain the elements of "knowingly" and "in furtherance of" or the offense of "aiding and abetting." Defendant, however, offers no authority to establish that the charges under Count 13 required any greater attention or explanation than the charges under Counts 1 and 8. In fact, at least one opinion by the Sixth Circuit treats a similar aiding and abetting charge under 18 U.S.C. § 924(c) as a simple offense. *See United States v. Xiong*, No. 96-3102, 1999 WL 183353, at *5 (6th Cir. 1999)(rejecting the defendant's argument that aiding and abetting a § 924(c) violation is a complex offense). Here, as with the prior charges discussed, the District Court: assured receipt of the indictment (which Defendant received at his arraignment and listed the full § 924(c) charge); elicited an oral explanation of the charges from the government; reviewed the written plea agreement (which identified all "essential" offense elements); assured the Defendant fully understood the charges and the plea terms; and assured a supporting factual basis, which Defendant admitted. Defendant conceded that the government could prove that he was found

"with a working methamphetamine lab and several firearms within [his] reach."  Defendant's argument on this issue similarly fails for the reasons explained above.

Relying on *United States v. Gonzalez*, 420 F.3d 111 (2nd Cir. 2005), Defendant further argues that the District Court failed, under Rule 11, to explain Defendant's "true statutory maximum" sentence, thus rendering his plea unknowing and involuntary.  *See* Fed. R. Crim. P. 11(b)(1)(H).  In sum, Defendant contends that the District Court failed to highlight the critical role of drug quantity and type in sentencing, and thus misstated the potential maximum sentence.  Defendant's reliance on *Gonzalez* is misplaced.

In *Gonzalez*, the defendant pled guilty to conspiracy to distribute and possess cocaine in violation of 21 U.S.C. §§ 812, 841, and 846, but the defendant specifically disputed and did not admit to the *quantity* of drugs involved.  *See id*. at 116-17.  Following the guilty plea, the district court resolved the disputed issue at a sentencing hearing by a preponderance of the evidence.  *See id*. at 118.  The Second Circuit found that this resolution violated the Supreme Court's decision in *Apprendi,* because defendant did not admit and a jury did not find the drug quantity, an essential offense element.  *See id*. at 133-34.

In this case, Defendant *admitted* in paragraph three of the plea agreement that the government could prove the drug type and quantity beyond a reasonable doubt.  *See* Plea Agreement ¶ 3.  At the rearraignment, Defendant again reaffirmed to the District Court that the government could prove these facts beyond a reasonable doubt because they were true and accurate.  *See* Rearraignment at 13-14.  Furthermore, the government read Counts 1 and 8 of the indictment to Defendant at the rearraignment.  *See* Rearraignment, pp. 9-10.  Those charges specifically provided that Defendant conspired and attempted to manufacture "fifty grams or more of methamphetamine."

-17-

*See id*.   Unlike in *Gonzalez*, Defendant did not dispute the drug quantity alleged, but rather acknowledged the accuracy of the charges.  *See id*. at 11.  Thus, there is no error in this case because the statutory maximum punishment, as explained by the District Court, corresponds to the drug quantity and type admitted to by Defendant.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).

Defendant also asserts that the District Court should have informed Defendant, under Rule 11, that he had a right to have a jury determine any fact that may be used to increase his sentence. Defendant contends he would not have pled guilty if the Court had fully explained this right.  Rule 11 does not contemplate such specificity and technicality.  On this subject, rather, Rule11(b)(1)(c) only directs the court to inform the defendant that he has a "right to a jury trial."  *See* Fed. R. Crim. P. 11(b)(1)(c).  In this case, the District Court specifically informed Defendant of his right to persist in a plea of not guilty and proceed to trial, where the government would have to prove Defendant guilty beyond a reasonable doubt.  *See* Rearraignment, at 23.  By using this language, the District Court substantially complied with Rule 11 and thus met, if not exceeded, its obligation under that rule.  *See United States v. DeBusk*, 976 F.2d 300, 304 (6th Cir. 1992)("[S]ubstantial compliance with Rule 11 is sufficient to affirm a conviction and sentence under a guilty plea, whether the sentence is being challenged on direct appeal or by collateral attack under 28 U.S.C. § 2255.")(citations omitted); *see also* Fed. R. Crim. P. 11(h)(importing harmless error analysis into rule).

There is no authority to suggest that a district court is expected to go beyond the requirements of Rule 11, as Defendant proposes.  Rather, the Sixth Circuit requires only substantial compliance with the provisions in the rule.  *See id*.  Accordingly, Defendant fails to establish a basis for relief, showing neither a "complete miscarriage of justice" or a "substantial and injurious effect or influence on the proceedings."  *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)

-18-

4) *Adequacy of factual basis*

Defendant claims that there was an insufficient factual basis to support his guilty plea to Counts 1, 8, and 13, in violation of Rule 11(b)(3).  As to Counts 1 and 8, Defendant specifically contends that there were insufficient facts to establish that Defendant had the "intent to distribute" under 21 U.S.C. § 841(a)(1).  As the Unites States correctly points out, however, Defendant was not charged with intent to distribute.  Under 21 U.S.C. § 841(a)(1), it is "unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, *or* possess with intent to manufacture, distribute, or dispense a controlled substance." *See* 21 U.S.C. § 841(a)(1)(emphasis added).  Defendant was charged under the former portion of the statute, making it a crime *inter alia* to *manufacture* a controlled substance.  The United States did not charge Defendant with intent to distribute.  Therefore, Defendant's argument on this issue fails.

Defendant also claims there was an insufficient factual basis to support the charge in Count 13.  Defendant first argues that the facts do not establish possession "in furtherance of" the charged drug crimes.  According to the Sixth Circuit, "[i]n order for the possession [of a firearm] to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use." *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001).  In this case, Defendant admitted in the plea agreement that the police found him in the back bedroom with a working methamphetamine lab and several firearms "within reach." *See* Plea Agreement ¶ 3.  Defendant again reaffirmed at the rearraignment that these facts were true and accurate. *See* Rearraignment at 13-14.  The proximity of the guns to Defendant while managing a working meth lab in the confines of a bedroom fairly establishes that the firearms were "strategically located so

as to be quickly and easily available for use" within the meaning of *Mackey*.  Based on Defendant's admissions, there is no error in the factual basis resulting in a "complete miscarriage of justice" or "substantial and injurious effect or influence on the proceedings."  *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendant further contends that the facts do not establish that he "knowingly" possessed the firearms in violation of § 924(c).  The facts admitted to by Defendant in paragraph three of the plea agreement do not address whether Defendant "knowingly" possessed the firearms in furtherance of the charged drug crimes.  However, the government clearly read, and the indictment clearly charged, the § 924(c) elements applicable to Defendant.  *See* Rearraignment at 9-10.  Count 13 provides that Defendant "did knowingly possess firearms" in violation of 18 U.S.C. § 924(c)(1)(A).  *See* Indictment, Count 13.  Defendant admitted that these charges were accurate.  *See* Rearraignment at 11.  Moreover,  Defendant admitted that the firearms in question were in the bedroom with him and within his reach.  *See* Plea Agreement ¶ 3.  From these admissions, it was not a "complete miscarriage of justice" for the District Court to find a sufficient factual basis concerning Defendant's mens rea with respect to § 924(c).  *See Watson*, 165 F.3d at 488.

5) *The Court's jurisdiction*

Defendant first argues that the District Court lacked jurisdiction for the offense charged in Count 1 because Defendant is not among the "class of persons" to which 21 U.S.C. § 841(a)(1) applies.[5]  In this regard, Defendant asserts that Congress designed the law at issue only to punish

---

[5]

Section 841(a)(1) provides:

> *Except as authorized* by this subchapter, it shall be *unlawful for any person* knowingly or intentionally (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

-20-

illegal drug trafficking among licensed physicians and pharmacists or by those who may lawfully manufacture and distribute drugs.  In support of these contentions, Defendant argues that the regulations promulgated by the Drug Enforcement Agency, pursuant to § 841, only address such licensed or recognized persons.  As such, Defendant concludes that he is not among the class of persons regulated under the statute.

Although not precisely on point, language from both the Supreme Court and the Sixth Circuit refute Defendant's position.  *See United States v. Moore*, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975); *United States v. Johnson*, 831 F.2d 124 (6th Cir. 1987).  In *Moore*, a practicing physician, registered under the statute, was charged with violating § 841.  He argued that § 841 applies only to non-registrants while §§ 842 and 843 govern registered practitioners.  The Supreme Court held that registered persons are also liable under § 841 where the registrant acts unlawfully. *See* Moore, 423 U.S. at 131.  In so holding, the Supreme Court found that criminal liability under § 841 "reaches 'any person.'" *See id*. (citing 21 U.S.C. § 841(a)(1)).  The Supreme Court noted that Congress was "concerned with the nature of the drug transaction, rather than with the status of the defendant." *See id*. at 135.  The Court explained that the applicable penalty depended on the legitimacy of the drug transaction. *See id*.  Technical violations by registered persons engaging in legitimate transactions are subject to the penalties in §§ 842 and 843. *See id*.  Congress reserved the severe penalties in § 841, on the other hand, for those who sell drugs for illegitimate purposes. *See id*.  Although the case involved a registered physician, the Supreme Court's language strongly indicates that, as the plain text suggests, § 841 applies to "any person" engaging in illegitimate drug transactions, regardless of registration status under the statute.

---

21 U.S.C. § 841(a)(1)(emphasis added).

The Sixth Circuit further clarified that the penalties under § 841 may apply to the activities of unregistered and unlicensed non-practitioners. *See Johnson*, 831 F.2d at 127-28. As an unlicensed non-practitioner, the defendant in *Johnson* was charged with violating § 841 for issuing prescriptions "outside the usual course of medical practice." *See id.* at 127. The defendant argued that only a licensed physician could commit such an offense. *See id.* at 128. The Sixth Circuit observed that the only significance of not being a licensed practitioner is that the defendant could never be *exempted* from the penalties under § 841. Since defendant could not be exempt, the Sixth Circuit held the defendant is "within the general rule [under § 841] which applies to 'any person.'" *See id.*

Lastly, in *United States v. Romig*, No. 03-2640, 2003 WL 22143730, at *1 (D. Minn. 2003), the defendant raised the same "class of persons" argument as to a § 841 charge. In response, the district court held that "[b]ecause [defendant] is not a practicing physician or otherwise able to lawfully manufacture, distribute, or dispense controlled substances, [defendant] is therefore included in the class defined as 'any person,' and not exempt from the penalties of § 841." *See id.* Based on all these authorities, and the clear language of the statute, the Court rejects the jurisdictional argument.

Defendant further contends that 21 U.S.C. § 841 was not properly enacted. The defendant in *Romig* raised this claim as well. The district court there rejected the claim. *See id.* The court found that Congress validly passed 21 U.S.C. § 841 into law. *See id.* This Court agrees, and the numerous convictions reviewed and upheld under § 841 refute Defendant's contentions.

Finally, Defendant argues the District Court lacked jurisdiction in his case to impose judgement and sentence under 18 U.S.C. § 3231, because that statute never passed both houses of

-22-

Congress.[6] The numerous courts that have addressed this issue, however, have unanimously rejected Defendant's argument. *See United States v. Risquet*, 426 F.Supp.2d 310, 311 (E.D. Pa. 2006); *Mims v. United States*, No. 06-166, 2006 WL 2559534, at *5 (E.D. Tex. 2006); *United States v. Lawrence*, No. 02-200, 2006 WL 250702, at *3 (N.D. Ill. 2006); *Jones v. Unknown Warden*, No. 06-00082, 2006 WL 389833, at *1 (E.D. Mo. 2006). These courts have found that the "1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman." *See Risquet*, 426 F.Supp.2d at 311. Based on these cases, the Supreme Court's consistent application of said statute as a foundation of jurisdiction, *see id.*, and the absence of any legitimate contrary authority, this Court likewise rejects Defendant's jurisdictional argument.

6) *Effectiveness of counsel prior to appeal*

Defendant asserts that his guilty plea to Counts 1, 8, and 13 was not knowingly or voluntarily entered into because of ineffective assistance of counsel. Specifically, and dovetailed with the substantive claims already rejected, Defendant complains that counsel failed to inform him of the nature of the charges, the maximum penalty, and the constitutional rights being waived under the guilty plea. Defendant also argues that counsel should have raised the insufficient factual basis and jurisdictional issues to the District Court. To succeed on a claim of ineffective assistance of counsel, Defendant must prove: 1) Trial counsel's representation fell below an objective standard of reasonableness; and 2) There is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Particularly in the context of guilty pleas, the

---

[6]   That section grants federal district courts original jurisdiction over cases involving offenses against the laws of the United States. *See* 18 U.S.C. § 3231.

Supreme Court has modified the prejudice prong by requiring that a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In performing this evaluation, "counsel is strongly presumed to have rendered adequate assistance." *Strickland*, 466 U.S. at 690.

The Court must view Defendant's ineffective assistance of counsel theories in light of former counsel's sworn statements, Defendant's own admissions in the record, the rearraignment proceedings and plea agreement, and the Court's earlier substantive analysis in this disposition. Former counsel states that he reviewed the plea agreement with Defendant and explained its terms to Defendant. *See* Gov't Exhibit 2, Affidavit ¶ 2-3. The plea agreement specifically, and accurately, stated all essential elements of the charged offenses and the possible penalties. *See* Plea Agreement ¶ 2, 4. Furthermore, former counsel states that he explained to Defendant that the government has the burden of proving each of these elements to a jury beyond a reasonable doubt. *See* Gov't Exhibit 2, Affidavit ¶ 2. As such, former counsel informed Defendant of the nature of the charges against him, his constitutional right to have the elements of those charges proven to a jury beyond a reasonable doubt, and the maximum possible penalty for the charged offenses.

Former counsel's statements are entirely consistent with Defendant's own admissions at the rearraignment hearing. There, Defendant acknowledged to the District Court that he had discussed the nature of the charges with counsel and specifically affirmed that he had reviewed the plea agreement with counsel. *See* Rearraignment at 8, 12. Moreover, Defendant stated that he was pleased with the advice provided by former counsel. *See id.* at 9. Under these circumstances, the bald, after-the-fact assertions presently submitted by Defendant cannot overcome the presumption

-24-

that counsel rendered adequate assistance.  *See Pointer v. United States*, No. 03-1433, 2004 WL 524720, at *4 (N.D. Ill. 2004)(rejecting claim of ineffective assistance of counsel for failure to explain the nature of the charges and consequences of pleading guilty because these were explained to defendant at the plea hearing and because defendant indicated at the hearing that counsel apprised him of his rights); *United States v. Kero*, No. 93-6020, 1994 WL 22306, at *4 (N.D. Ill. 1994)(finding defendant's admissions at the plea hearing and in the plea agreement that he had read and understood the indictment with the assistance of counsel refuted defendant's allegations that counsel failed to explain the government's burden of proof).  As such, Defendant cannot establish that "counsel's representation fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Defendant also fails to satisfy the second applicable prong, for an ineffective assistance claim, as modified by *Hill*.  Defendant essentially contends that he would have persisted in a plea of not guilty and proceeded to trial had former counsel adequately informed him of the nature of the charges, the maximum possible penalty, and the constitutional rights waived by guilty plea.  The record shows, and this Court already has found, that the District Court fully informed Defendant at the rearraignment proceedings, in addition to any advice provided by counsel.  *See* Rearraignment at 9-10, 14-18, 23.  As explained, the District Court fulfilled its duties under Rule 11 in this respect. Because the District Court apprised Defendant of his rights, the nature of the charges, and the maximum possible penalty, Defendant cannot possibly show that the advice of counsel, reflecting the same information, would have changed the decision to plead guilty.  *See United States ex rel. Bonner v. Wyrick*, 426 F.Supp. 1205, 1206-09 (D.C. Mo. 1976)(rejecting ineffective assistance claim that defendant did not understand the nature of the charges where the district court explained the

charges, established the factual basis, and the defendant acknowledged the facts were accurate and that he understood the charges against him at the plea hearing); *Jenkins v. United States*, No. 04-2546, 2006 WL 1805871, at *3, *6 (M.D. Fla. 2006)(denying ineffective assistance claim for failure to advise defendant of the nature of the charges against him because the district court adequately explained the charges and established the factual basis at the plea hearing).[7]  The Court rejects this claim.

    7) *Effectiveness of counsel on direct appeal*

Lastly, Defendant claims that he was denied effective assistance of counsel on appeal because former counsel filed an *Anders* brief that failed to raise meritorious issues and was adversarial to Defendant's position.  The ineffective assistance of counsel standard announced in *Strickland* also applies to appellate representation.  *See Abdurrahman v. Henderson*, 897 F.2d 71, 74 (2nd Cir. 1990); *Miller v. Keeney*, 882 F.2d 1428, 1433-34 (9th Cir. 1989); *see also Wyley v. United States*, No. 95-3784, 1997 WL 49073, at *1 (6th Cir. 1997).

Defendant's former counsel filed an *Anders* brief because he believed, after a thorough review of the case record, that there were no appealable issues.  *See* Gov't Exhibit 2, Affidavit ¶ 9. In such cases, counsel is not required to present frivolous claims.  *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  The Sixth Circuit reviewed the record and also found that no meritorious issues existed.  *See United States v. Boggs*, No. 05-5285, at 2.  Notably, counsel notified Defendant of the *Anders* brief, and Defendant's right to present independent

---

[7]

    Defendant's contention that counsel's failure to raise the jurisdictional issues constituted ineffective assistance is similarly meritless, given the meritless nature of the underlying argument. As to both counsel's conduct and prejudice, the argument fails.

arguments, but Defendant made no arguments to the Sixth Circuit.  It cannot be said that counsel's conduct fell below an objective standard of reasonableness, where the Sixth Circuit agreed with former counsel as to the absence of issues.  *See Harris v. Bartos*, No. 04-1568, 2006 WL 2683517, at *5 (D. Ariz. 2006)(rejecting argument that counsel was ineffective for filing an *Anders* brief that stated there were no appealable issues when the court of appeals likewise found no error).  As such, Defendant's argument that counsel was ineffective on appeal for filing an *Anders* brief is without merit.

Furthermore, Defendant has failed to establish prejudice, *i.e.*, that the result of Defendant's appeal would have been different if counsel had presented the issues addressed.  *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Contrary to Defendant's assertions, the Sixth Circuit upheld Defendant's conviction and sentence after a full review.  More specifically, the Sixth Circuit found that the District Court complied with Rule 11 and that Defendant made a valid plea.  Defendant's jurisdictional and ineffective assistance of counsel claims are equally unavailing, for the reasons explained above.

C.    *Evidentiary hearing*

A district court may permit discovery, in the context of a habeas proceeding, if the "habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001).  Defendant's § 2255 does not raise any specific factual disputes that warrant further discovery.  Rather, Defendant's § 2255 motion involves legal issues based on a clear and developed record.  No evidentiary hearing is necessary if, as is the case here, the record conclusively shows that petitioner is entitled to no relief.  *See Blanton v. United States*, 94 F.3d 227,

235 (6th Cir. 1996).   As such, the Court orders no evidentiary hearing in this case prior to disposition.

       *D.*     *Certificate of Appealability*

      A Certificate of Appealability may issue only where the petitioner has made a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  This requires a petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  The petitioner must further indicate which specific issues satisfy the "substantial showing" requirement.  *See* 28 U.S.C. § 2253(c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001)(requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability).

      The petitioner has not made a "substantial showing" as to any claimed denial of rights.  The Sixth Circuit, on direct appeal, litigated and resolved the Rule 11 claims raised by Defendant.  This Court's review reveals no remaining substantial issue as to those claims.  Likewise, Defendant offers no substantial support for his arguments that the District Court lacked jurisdiction to convict and sentence Defendant.  Finally, Defendant has also failed to substantially show any denial of his constitutional rights due to ineffective assistance of counsel.  With respect to former counsel's performance before and on appeal, the record unquestionably shows that Defendant can satisfy neither prong under the standard in *Strickland.*  Accordingly, Defendant is not entitled to a certificate of appealability.

## VI.     Recommendation

For all of the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court deny, with prejudice,  the "Motion to Vacate, Set Aside, or Correct Sentence," *see* DE#121; and

2) the District Court refuse a certificate of appealability should movant apply for such under § 2253.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute.  As defined by § 636(b)(1) and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

This the 27th day of November, 2006.

Signed By:

*Robert E. Wier*

United States Magistrate Judge